James E. Mercante, Esq.
Richard Gonzalez, Esq., LLM
GALLO VITUCCI KLAR LLP
*Attorneys for Petitioners*
711 Third Avenue, Suite 500
New York, NY 10017
Tel: 212-683-7100

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

IN THE MATTER OF THE COMPLAINT

    - of -

ANTONIO SEMINATORE JR. and LAUREN SEMINATORE as Owners or Owners *Pro Hac Vice* of a 1999 33' Contender 31T vessel named "BERTH CONTROL" for Exoneration from or Limitation of Liability,

    Petitioners.

---

Case No.: 26-cv-316

**COMPLAINT FOR**
**EXONERATION FROM OR**
**LIMITATION OF LIABILITY**

Petitioners, ANTONIO SEMINATORE JR. and LAUREN SEMINATORE as Owners or Owners *Pro Hac Vice* of a 1999 33' Contender 31T vessel named "BERTH CONTROL", by and through their attorneys GALLO VITUCCI KLAR LLP, as and for their Complaint for Exoneration from or Limitation of Liability, allege upon information and belief as follows:

**JURISDICTION AND VENUE**

1.    This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

2. The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because the incident involved a vessel upon the navigable waters of the United States, more specifically in the Atlantic Ocean, approximately 10-12 miles south of Fire Island Inlet, County of Suffolk, State of New York, and this satisfies the requirements for invoking the Court's admiralty jurisdiction.

3. Venue in this district is proper because the alleged cause of action occurred within the jurisdiction of this district.

4. Petitioner, ANTONIO SEMINATORE JR., was at all pertinent times a resident of Nassau County, New York.

5. Petitioner, LAUREN SEMINATORE, was at all pertinent times a resident of Nassau County, New York.

6. Petitioners, ANTONIO SEMINATORE JR., and LAUREN SEMINATORE are Owners or Owners *Pro Hac Vice* of a 1999 33' Contender 31T vessel named "BERTH CONTROL", CONTROL".

7. On Wednesday, September 24, 2025, the BERTH CONTROL was upon the navigable waters of the United States, more specifically in the Atlantic Ocean, approximately 10-12 miles south of Fire Island Inlet, County of Suffolk, State of New York, when a collision occurred with another vessel, named "JENNA P," believed to be a charter fishing vessel.

8. As a result of the vessel collision, the Petitioners vessel, BERTH CONTROL, incurred damages, resulting in its constructive total loss.

9. As a result of the vessel collision, the vessel JENNA P incurred damages.

10. As a result of the vessel collision, Scott Policastro, the owner and operator of JENNA P, claims to have incurred a personal injury.

11. The JENNA P did not sound a danger signal or otherwise attempted to contact Petitioner's vessel.

12. The JENNA P did not display appropriate navigation lights.

13. The JENNA P did not maintain a proper lookout.

14. Any claims for loss, damage and/or injury relating to the incident of September 24, 2025, may exceed the value of the Petitioners' vessel.

15. The Petitioners vessel was well maintained.

16. The Petitioners vessel was well equipped.

17. The Petitioners vessel was navigating prudently.

18. No condition of the Petitioners vessel contributed to the alleged incident.

19. Any claims for loss, damage and/or injury were not due to fault, neglect, or want of care on the part of the Petitioners.

20. Any claims for loss, damage and/or injury were caused solely by the acts, omissions, and/or negligence of the owner and/or operator of the vessel JENNA P, and/or third parties, for whom the Petitioners are not responsible, and not due to any fault, neglect, or want of care on the part of the Petitioners.

21. If any fault caused or contributed to the claims for loss, damage, and/or injury, which is denied, such fault, neglect, or want of care was occasioned and occurred without the Petitioners' privity or knowledge. The Petitioners acted reasonably under the circumstances.

22. The value of Petitioners vessel after the incident was $5,000.00. (See **Exhibit "A."**)

23. The nature of the alleged claims for loss, damage and/or injury has an amount that may exceed the value of the Petitioners' interest in the vessel on the date of the incident.

24. The Petitioners offer an Ad Interim Stipulation for value totaling the amount of $5,000.00, said amount not less than the Petitioners interest in the value of the vessel on the date of the alleged incident, for payment into Court whenever the same shall be ordered after motion, as provided for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court. (See **Exhibit "B,"** Ad Interim Stipulation for Value.)

25. The Petitioner has not been served with notice of claim, therefore this matter is filed timely.

26. The Petitioners are entitled to exoneration from liability for any claims arising from the incident of September 24, 2025, and from all claims that have been or may hereafter be made.

27. The Petitioners claim, in the alternative, the benefit of limitation of liability to the value of the vessel, provided by 46 U.S.C. §30501 *et seq.*, and the various statutes supplementary thereto and amendatory thereof.

WHEREFORE, the Petitioners pray:

(1) That this Court issue an Order to include the following:

    a. Directing the issuance of Notice to all persons asserting claims with respect to the September 24, 2025, incident which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for the Petitioners a copy hereof on or before a date to be named in the Notice.

    b. Directing the Petitioners to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of the

4

    Petitioners interest in the value of the vessel, as of the date of the incident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall order.

 c. Directing that upon the Petitioners filing of the *Ad Interim* Stipulation for Value, an injunction shall issue (Restraining Order) enjoining the prosecution against the Petitioners, its representatives, insurer, the vessel, of any and all claims, suits, actions, motions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(2) That this Honorable Court adjudge that the Petitioners are not liable for any claims for loss, damage and/or injury arising out of the September 24, 2025, incident, and are therefore entitled to exoneration from liability.

(3) If the Petitioners is adjudged liable, that such liability be limited to the Petitioners interest in the value of the vessel, as of the date of the incident in the maximum amount of $5,000.00, and that the Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging the Petitioners from all further liability.

(4) That the Petitioners may have such other and further relief as justice may require.

Dated: New York, New York
   January 20, 2026          **GALLO VITUCCI KLAR LLP**
                    *Attorneys for Petitioners,*

                    _____
                 By: James E. Mercante, Esq.
                   Richard González, Esq., LLM

5

*ANTONIO SEMINATORE JR. and LAUREN SEMINATORE as Owners of a 1999 33' Contender 31T vessel named "BERTH CONTROL", for Exoneration from or Limitation of Liability*
711 Third Avenue, Suite 500
New York, NY 10017
(212) 683-7100
E-Mail: Jmercante@gvlaw.com
E-Mail: Rgonzalez@gvlaw.com
Our File No.: AIGM.2025003

6